UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAN,<br><br>            Plaintiff,<br><br>   v.<br><br>FU,<br><br>            Defendant. | Case No. 19-cv-05633-HSG<br><br>**ORDER AFFIRMING BANKRUPTCY COURT**<br><br>Re: Dkt. Nos. 1, 5, 6, 8, 9 |

This matter is before the Court on appeal from the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"), pursuant to 28 U.S.C. § 158(a). Plaintiff-Appellant Demas Yan ("Yan") appeals the Bankruptcy Court's August 19, 2019 order denying a motion to extend the time to file a notice of appeal. The Bankruptcy Court concluded that Yan's delay in filing the notice of appeal was not excusable neglect pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 8002(d)(1)(B). For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's judgment in favor of Defendant-Appellee Tony Fu ("Fu").

### I. BACKGROUND

On May 5, 2017, Fu filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On August 2, 2017, Yan filed an adversary proceeding, objecting to Fu's discharge pursuant to, among other things, the Bankruptcy Code's willful and malicious injury discharge exception under 11 U.S.C. § 523(a)(6). (Dkt. No. 4-2 at 2). The relevant allegation of willful and malicious injury was that Fu attacked Yan and hit him in the head with a hammer or other object. (ER at 7-8).[1]

Trial was held in the Bankruptcy Court during January 2019. (Dkt. No. 4-2 at 17-19). On

---

[1] Reference to "AA" is to Yan's Appendix (Dkt. No. 5-1). Reference to "ER" is to Fu's Appendix (Dkt. No. 6-2).

March 27, 2019, the Bankruptcy Court entered judgment in favor of Fu. (AA at 242). Yan filed a notice of motion for a new trial on April 11, 2019, and an amended notice of motion on April 19, 2019. (AA at 244). On June 20, 2019, the Bankruptcy Court entered an order denying the motion for a new trial. (AA at 253). The deadline for filing a notice of appeal was July 5, 2019. (ER at 270). Because the fourteen-day period to file a notice of appeal under FRBP 8002(a)(1) expired on July 23, 2019, Yan filed a notice of appeal and motion to extend time to file a notice of appeal, citing FRBP 8002(d)(1)(B)'s "excusable neglect" exception. (AA at 259). Yan alleged that he was negligent in timely filing his appeal because he was preoccupied with a separate trial in state court, was taking care of his elderly mother, and was concerned for his daughter who was visiting Hong Kong during the recent period of civil unrest. (ER 236-237). On August 19, 2019, the Bankruptcy Court denied the motion to extend time, finding no excusable neglect. (AA at 268). Yan appealed on August 30, 2019. (Dkt. No. 1-1).

## II.  STANDARD OF REVIEW

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158. This Court reviews for abuse of discretion a bankruptcy court's decision to grant or deny a motion for an extension of time to file a claim on the grounds of excusable neglect. *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 398 (1993) ("To be sure, were there any evidence of prejudice to petitioner or to judicial administration in this case, or any indication at all of bad faith, we could not say that the Bankruptcy Court abused its discretion in declining to find the neglect to be excusable.") (internal citations omitted); *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (reviewing district court's decision to grant motion for extension of time to file appeal based upon excusable neglect for abuse of discretion); *Gonzalez v. Wells Fargo Bank, N.A.*, 2014 WL 93930, at *1 (N.D. Cal. Jan. 9, 2014) (reviewing bankruptcy court's decision to deny motion for extension to file appeal based upon excusable neglect for abuse of discretion). The Court must affirm unless it has the definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached after weighing the relevant factors. *See Pincay*, 389 F.3d at 858.

## III. DISCUSSION

On a party's timely motion, a bankruptcy court may extend the time to file a notice of appeal beyond the statutory 14-day deadline if the moving party demonstrates "excusable neglect." FRBP 8002(d)(1)(B). In order to determine whether neglect was excusable, a bankruptcy court must consider the following factors: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *See Pioneer*, 507 U.S. at 395. Because Congress has not specified what sorts of actions constitute excusable neglect, the Court's "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*.

Yan argues that the Bankruptcy Court erred in its consideration of the *Pioneer* factors. The Bankruptcy Court agreed with Yan that "some factors seem to favor him," finding that "the length of delay in filing the notice of appeal … given the time required to appeal decisions, is not, in the full scheme of things, dramatic." (*Id*. at 271).

Yet, when considering other factors and the nature of the appeal, the Bankruptcy Court reasonably found that there was no excusable neglect for the delay. Given that the Bankruptcy Court previous sanctioned Yan for "the frivolous content of his motion for new trial," it found that "any reasonable person could have anticipated the outcome of the motion for a new trial." (*Id*.). The Bankruptcy Court also found that it took "very, very, very little time to prepare this notice of appeal." (*Id*. at 272). The Bankruptcy Court found no reason that Yan could not "have spent the few minutes" needed to prepare the notice of appeal, and noted that Yan did not "claim that his daughter was involved in the protests or the political situation in Hong Kong." (*Id*.). The Bankruptcy Court also observed that Yan frequently retains counsel to represent him and could have done so to ensure his appeal was filed timely. (*Id*.). At bottom, the Bankruptcy Court found that Yan's "failure to focus on the notice of appeal was a conscious decision." (*Id*.)

The Bankruptcy Court further stated it found "little evidence" that Yan was acting in good faith throughout the proceeding. (*Id*. at 272-73). The Bankruptcy Court noted that the issues Yan

raised on appeal would not be determinative of the outcome of the case because Yan did not meet his burden of proof at trial, and that accordingly no injustice would result from denying the request.[2] (*Id*. at 273).

The Bankruptcy Court did not abuse its discretion. The Bankruptcy Court acknowledged and correctly applied the applicable legal standard from *Pioneer*. The Court finds the Bankruptcy Court's ruling correct and well-reasoned. Although the danger of prejudice to Fu and the length of delay were not substantial, the Bankruptcy Court's findings that Yan's reason for the delay was entirely within his control, and that the Yan's conduct was not in good faith, were supported by the record and were not an abuse of discretion. The Supreme Court "has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (quoting *Griggs v. Provident Consumer Discount Co.*, 495 U.S. 56, 61 (1982) (per curiam)). "[T]he courts of appeals routinely and uniformly dismiss untimely appeals for lack of jurisdiction." *Id.* at 210. Accordingly, the Bankruptcy Court was well within its discretion in refusing to find excusable neglect on the record before it.

---

[2] Yan suggests on appeal that the Bankruptcy Court erred in denying a rebuttal witness and rejecting new evidence of purported perjury. *See* Dkt. No. 5 at 10. Yan alludes to a claim of insufficiency of evidence to support the Bankruptcy Court's "ultimate finding," and suggests unspecified "prejudicial procedural errors." *Id*. The only issue on appeal is whether the Bankruptcy Court abused its discretion in finding no excusable neglect by Yan. *See* Dkt. No. 1-1 (Notice of Appeal); Dkt. No 5 (Yan's Op. Br.) at Statement of Issue ("Did the bankruptcy court abuse its discretion in denying the Extension Motion?"). Although the Bankruptcy Court found that Yan's case "just has no basis in fact" (AA at 276), because the Bankruptcy Court's conclusion on excusable neglect was not an abuse of discretion, this Court need not discuss Yan's other contentions.

4

## IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's decision.

**IT IS SO ORDERED.**

Dated: 2/19/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge